United States Courts
Southern District of Texas
FILED

JAN 27 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AVERY L. AYERS,<br>Plaintiff, Pro se | )<br>)<br>) |
| V. | ) CIVIL ACTION NO. 4:23CV298<br>) |
| COLETTE S. PETERS,<br>FEDERAL BUREAU OF PRISONS | )<br>)<br>) |
| WILLIAM LOTHROP JR,<br>FEDERAL BUREAU OF PRISONS | )<br>)<br>) |
| DANIEL HU,<br>U.S. ATTORNEY GENERAL | )<br>)<br>) |
| J. HARDY<br>LEIDEL RESIDENTIAL REENTRY | )<br>)<br>) |
| D. LIAS<br>LEIDEL RESIDENTIAL REENTRY | )<br>)<br>) |
| GEORGE ZOLEY,<br>The Geo Group, INC | )<br>)<br>) |
| JOSE GORDO,<br>The Geo Group, INC. | )<br>)<br>) |
| DEFENDANTS, | )<br>) |

## PLAINTIFFS ORIGINAL COMPLAINT

COME NOW AVERY AYERS, Plaintiff, and alleges as follows:

### I. PARTIES

1.1 Plaintiff Avery L. Ayers is a resident and citizen of Texas. He brings this negligence action on behalf of himself.

1

1.2  Defendant Coletter S. Peters, is a resident and citizen of Maryland and can be served with process at her office: Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.

1.3  Defendant Williams Lothrop Jr., is a resident and citizen of Maryland and can be served with process at his office: Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.

1.4  Defendant Daniel Hu, is a resident and citizen of Texas and can be served with process at his office: U.S. Attorney General Office, 1000 Louisiana Street, Ste. 2300, Houston, Texas 77002.

1.5  Defendant LEIDEL RESIDENTIAL RE-ENTRY CENTER, LLC, (hereinafter referred to as "RRC") is a Texas corporation with its principal offices located in Houston, Texas, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered Agent for service of process, Attn: Legal Dept., 1819 Commerce Street, Houston, Texas 77002.

1.6  Defendant George Zoley, THE GEO GROUP INC., (hereinafter referred to as "GEO GROUP") is a Florida corporation with its principal offices located in Boca, Florida, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant may be served with process by serving its Registered Agent for service of process, 4955 Technology Way, Boca Raton, FL 33431.

1.7  Defendant Jose Gordo, THE GEO GROUP INC., (hereinafter referred to as "GEO GROUP") is a Florida corporation with its principal offices located in Boca, Florida, and at all times material hereto was authorized and was doing business in the state of Texas. Defendant

may be served with process by serving its Registered Agent for service of process, 4955 Technology Way, Boca Raton, FL 33431.

## II. JURISDICTION & VENUE

2.1 The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff AVERY L. AYERS is a citizen of Texas. Defendant Colette S. Peters, is a citizen of Maryland. Defendant Williams Lothrop Jr. is a citizen of Maryland. Defendant Daniel Hu, is a citizens of Texas. Defendant George Zoley is a citizen of Florida. Defendant Jose Gordo, is a citizens of Florida. Defendant LIEDEL RESIDENTIAL RE-ENTRY CENTER, is a corporation incorporated under the laws of TEXAS and is authorized and doing business throughout the state of Texas.

2.2 Venue is properly before this Court under 28 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim occurred in Harris County, Texas.

2.3 This Court has subject matter jurisdiction over the allegations and negligence presented herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (original jurisdiction), 28 U.S.C. §§ 2201-02 (declaratory relief), and 28 U.S.C. §§ 1332(a). Plaintiffs' claims under the common law of the Southern District of Texas arise from the same events as the federal claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.4 Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts or omissions that give rise to Plaintiffs' Ayers claim occurred or will occur in the Southern District of Texas.

## III. BACKGROUND

3.1 Plaintiff Avery L. Ayers was a 52-year-old man. He had been at The GEO Group, Inc. / Leidel Residential Reentry Center since February 24, 2020.

3.2 Plaintiff Ayers has already served all of his 5-year prison sentence. Plaintiff Ayers will be released to Supervised Release on July 21, 2020. He was transferred to The GEO Group, Inc./ Leidel Residential Reentry Center from Federal Correctional Institution – Beaumont (camp).

3.3 On or about June 8, 2020, Ms. D. Lias, Assistant Director at the Leidel Residential Reentry Center (RRC) come over the facility Public Announcement System and informed the Residents that H-Dorm would be converted into a Quarantine unit for five (5) Covid-19 positive residents.

3.4 Furthermore, Ms. D. Lias informed the current residents of H-Dorm that they would be moving into C-Dorm today and that they needed to move their belongings very quickly to clear out H-Dorm within the hour.

3.5 During this process of moving quickly from H-Dorm to C-Dorm RRC Staff was hurrying Plaintiff Ayers to moved quickly on June 8, 2020, from H-Dorm along with several other residents very quickly so that H-Dorm could be converted into a Quarantine unit for five (5) Covid-19 positive residents.

3.6 Plaintiff Ayers fractured his left pinkie finger on his left hand during the moving process from H-Dorm to C-Dorm during the moving Plaintiff Ayers smashed his left pinkie finger in the side door jamb of H-Dorm as he was moving his belongs. Plaintiff Ayers suffered a severe curve cut with blood loss, bruising and/ or contusion because the injured area became swollen, raised, and with painful swelling. (**See Exhibit C-1, C-2, C-3**)

3.7 Plaintiff Ayers went to Mr. Hardy, Leidel Facilty Directors office and other staff members with the personal injury, and Mr. Hardy stated "He did not think my injury was serious enough to

4

send me to a clinic for care, nor did staff offer me anything other than antiseptic spray and a bandage.

3.8 Plaintiff Ayers was given some antiseptic spray and bandages to dress the injured finger.

3.9 On or about June 10, 2020, Plaintiff Ayers went the V.A. Hospital – emergency room as a precaution for his injured finger. The emergency room doctor and nurses recognized the seriousness of the injury and the possible permeate damage to my finger. Plaintiff Ayers called The GEO Group, Inc/ RRC to inform Mr. Bennett that he was at the emergency room and would be late returning to the RRC/Halfway House.

3.10 Plaintiff Ayers was called on June 11, 2020, by the V.A. Hospital nurse where he was informed that he would need to return to the V.A. Hospital for more x-rays on his left pinkie finger. Plaintiff Ayers was allowed to go to the V.A. Hospital where they took more x-rays of his left pinkie finger. Plaintiff Ayers completed the x-ray process and left the V.A. Hospital. Plaintiff Ayers continued to clean and bandage the injured left pinkie finger so as not to let it become infected. (See Exhibit C-1, C-2, C-3)

3.11 Plaintiff Ayers received a phone message on June 12, 2020, from his primary care physician Doctor Johnson - concerning his fractured left pinkie finger and if he could return to the V.A. Hospital so it could be set correctly and a splint placed on it to immobilize his ring and pinkie finger together. (See Exhibit A-10 )

3.12 Plaintiff Ayers called back to Dr. Johnson office and spoke with the LVN who inform him that he needed to come back to the V.A. Hospital because the x-ray showed that his left pinkie finger was fractured and Doctor Johnson had already made an appointment with the orthopedic hand specialist to make a splint for his fingers. Plaintiff Ayers call his case manager Ms.

Williams to get permission to return to the V.A. Hospital with the LVN on a three-way call. (**See Exhibit** C-10)

3.13  Ms. Williams informed the LVN that Mr. Ayers had been exposed to the coronavirus (Covid-19) at the facility and was in a 14-day quarantine period. The LVN informed Plaintiff Ayers that he couldn't come to the V.A. Hospital until after the 14-day quarantine ended for him. Plaintiff Ayers was exposed due to The GEO Group Inc / Leidel Residential Reentry Center staff negligence to a person who was infected with Covid-19 virus and came back into the facility. (**See Exhibit** C-10)

3.14  Plaintiff Ayers received a call from V.A. Hospital - Doctor Johnson who informed him on the proper care of his fractured finger and to make a homemade splint to assist with the setting of the fractured finger. (**See Exhibit** C-10)

3.15.  On or about June 12, 2020, Doctor Johnson based on the severity of the fracture made an appointment with a specialist to splint my finger. Dr. Johnson called to advice me of the needed procedure. Furthermore, Leidel Residential Reentry Center denied my request to go to the orthopedic specialist to have my finger properly stitched and splintered correctly. (**See Exhibit** A-11 )

3.16  On or about June 12, 2020, Plaintiff Ayers has been tending to his fractured and injured finger on his own and with no medical attention from the GEO Group / RRC Staff. (**See Exhibit** C-4, C-5, C-6)

3.17  On or about June 22, 2020, Plaintiff Ayers was continuing to self care for his fractured and injured finger on his own and with no medical attention from the GEO Group / RRC Staff. (**See Exhibit** A-7 & C-1, C-2, C-3)

3.18   On or about July 6, 2020, The City of Houston and The GEO Group Inc / RRC set up a Covid-19 test site in the The GEO Group Inc / RRC employee parking lot. **(See Exhibit** C-14)

3.19   On or about July 6, 2020, Plaintiff Ayers and all of the residents were administered a Covid-19 test at the The GEO Group Inc / RRC facility by the City of Houston Health Department. **(See Exhibit** C-14)

3.20   On or about July 15, 2020, Plaintiff Ayers recieved in the mail from the City of Houston Health Department concerning Plaintiff Ayers Covid-19 test results. Plaintiff Ayers test results came back negative for the Novel Coronavirus (Covid-19). **(See Exhibit** C-14)

3.21   On or about July 18,2020, Plaintiff Ayers has been tending to his fractured and injured finger on his own and with no medical attention from the GEO Group / RRC Staff. **(See Exhibit** C-7, C-8, C-9, C-10, C-11)

3.22   On or about July 21, 2020, Plaintiff Ayers was released from the the GEO Group Inc / RRC after completing the full six (6) months of RRC placement. Plaintiff Ayers scheduled an appointment at the V.A. Hospital with Dr. Johnson for his injured finger.

3.23   On or about July 29,2020, Plaintiff Ayers arrived at the V.A. Hospital for his scheduled appointment with Dr. Johnson.  Dr. Johnson examined Plaintiff Ayers hand and left pickie finger to record the now healed non-displaced L small finger P2 fracture sustained 6/08/2020 with associated laceration. Dr. Johnson scheduled an appointment with the hand Surgery Consultant. **(See Exhibit**  A-4)

3.24   On or about July 29, 2020, Dr. Johnson scheduled Plaintiff Ayers for a Plastic Surgery Consultation for August 2020. **(See Exhibit** A-4)

7

3.25　On or about August 4, 2020, Plaintiff Ayers had a V.A. appointment with Dr. Koshy who examined Plaintiff Ayers left hand and pickie finger. Dr. Koshy saw that Plaintiff Ayers still had mild redness/swelling in the swollen area within the left pinkie finger. (**See Exhibit** A-14)

3.26　On or about August 4, 2020, Dr. Koshy sent Plaintiff Ayers to Occupational therapy for instructed to perform 10 reps, minimum of 5x/day with the buddy straps. (**See Exhibit** A-15 & C-15)

3.27　On or about August 23, 2020, Plaintiff Ayers filed an administrative tort claim no. TRT-SCR-2020-07003, for injury sustained in the GEO Group Inc. / RRC facility on June 8, 2020. (**See Exhibit** C-12 (a), (b), (c), (d), (e), (f), (g))

3.28.　On or about July 28, 2022, Plaintiff Ayers received a reply from the administrative tort claim no. TRT-SCR-2020-07003, for injury sustained in the GEO Group Inc. / RRC facility on June 8, 2020. (**See Exhibit** C-13(a), C-13(b))

## IIII. GENERAL DAMAGES

4.1　As a direct and proximate result of the Defendants' negligence, Plaintiff Ayers suffered damages allowed by law for personal injuries in an amount in excess of $150,000.00.

4.2　As a further result of Defendants' negligence, Plaintiff Ayers has suffered serious and permanent personal injuries. Plaintiff Ayers suffered the following damages:

　　a) Medical expenses incurred in the past.

　　b) Medical expenses which in all probability will be incurred in the future.

　　c) Loss of past earning capacity.

　　d) Loss of earning capacity which in all probability will be sustained in the future.

　　e) Physical impairment in the past.

f) Physical impairment which in all probability will be sustained in the future.

g) Physical pain and mental anguish in the past.

h) Physical pain and mental anguish will in all probability be sustained in the future.

## VIII. PUNITIVE DAMAGES

8.1 Plaintiff incorporates herein by reference Paragraphs 1 through 8.2, inclusive, of this Complaint.

8.2 Defendants' acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiff would show that the acts and/or omissions of Defendants were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awareness on the part of Defendants that their acts would, in reasonable probability, result in serious personal injury or death. Defendants caused substantial personal injury to Plaintiff and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendants, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

8.3 Plaintiff Ayers has standing to assert this claim pursuant to Tex. Civ. Prac. & Rem. Code § 71.004.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.  Requiring Defendants to pay the damages sustained by Plaintiff Ayers in accordance with the Tort Claim filed and the reason of the acts and transactions alleged herein;

B.  Awarding Plaintiff Ayers prejudgment and post-judgment interest, as well as his reasonable attorneys' fees, expert fees and other costs; and

C.  Awarding such other and further relief as this Court may deem just and proper. requests this Court issue citation to Defendants to answer, and

Dated: January 27, 2023.

Respectfully submitted,

Avery L. Ayers,
Plaintiff, Pro se
5380 West 34th Street
#212
Houston, Texas 77092

## Certificates of Service

I hereby certify that on the 27th day of January, 2023, I will mail a copy of the "**PLAINTIFFS ORIGINAL COMPLAINT**", with the Clerk of Court, U.S. District Court using the U.S. Post Service with sufficient postage to the following:

Dated: __27th__, day of __January__, 2023.

_(signature)_
Avery L. Ayers,
Plaintiff, Pro Se
5380 West 34th Street
#212
Houston, Texas 77002

United States District Courthouse
Attn: Clerk – Civil Processing
P. O. Box 61010
Houston, TX 77208

Federal Bureau of Prisons
Attn: Colette S. Peters
320 First Street, NW
Washington, DC 20534

Federal Bureau of Prisons
Attn: William Lothrop Jr.
320 First Street, NW
Washington, DC 20534

U.S. Attorney General
Attn: Daniel Hu
Civil Process Clerk
1000 Louisiana Street

#2300
Houston, Texas 77002
USATXS.CivilNotice@usdoj.gov

Leidel Residential Reentry Center
Leidel Comprehensive Center
Attn: Legal Dept.
1819 Commerce Street
Houston, Texas 77002

Leidel Residential Reentry Center
Leidel Comprehensive Center
Attn: J. Hardy
1819 Commerce Street
Houston, Texas 77002

Leidel Residential Reentry Center
Leidel Comprehensive Center
Attn: D. Lias
1819 Commerce Street
Houston, Texas 77002

The Geo Group, INC
Attn: Legal Dept.
4955 Technology Way
Boca Raton, FL 33431

The Geo Group, INC
Attn: George Zoley
4955 Technology Way
Boca Raton, FL 33431

The Geo Group, INC
Attn: Jose Gordo
4955 Technology Way
Boca Raton, FL 33431